Alan E. Kassan – SBN 113869
E-mail: akassan@kantorlaw.net
Mitchell O. Hefter – SBN 291985
E-mail: mhefter@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
VIRGINIA CANAVERO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA CANAVERO,<br><br>    Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; ALBERTSON'S, INC. EMPLOYEES' DISABILITY BENEFITS PLAN,<br><br>    Defendants. | CASE NO:<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff, Virginia Canavero, herein sets forth the allegations of her Complaint against Defendants Life Insurance Company of North America and Albertson's, Inc. Employees' Disability Benefits Plan.

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee

benefit plan named as Defendant. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and postjudgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, an employee of SuperValu Inc., formerly Albertson's, Inc. ("Albertson's"), and a California resident employed at the Albertson's Distribution Center in the City of San Leandro, County of Alameda, State of California.

3. Plaintiff is informed and believes that Defendant Life Insurance Company of North America ("CIGNA") is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Northern District of California, and can be found in the Northern District of California. Plaintiff is informed and believes that her employer funded its long-term disability ("LTD") Plan in whole or in part via the purchase of a terminal liability insurance policy from CIGNA. CIGNA is the insurer of all or some portion of benefits under the Albertson's, Inc. Employees' Disability Benefits Plan, (hereinafter "LTD Plan"). CIGNA administered the claim, interpreted Plan terms, and issued a claim denial, all while operating under a conflict of interest; and the bias this created adversely affected the claims determination.

4. Plaintiff is informed and believes that CIGNA identifies the group policy it issued to the LTD Plan as Policy No. RBO-030024 (the "Policy").

5. Plaintiff is informed and believes that the Policy was issued on or about July 1, 2010.

6. Plaintiff is further informed and believes that the Policy has remained in effect since its inception, and was renewed or amended on or after January 1, 2012.

7. Plaintiff is informed and believes that Defendant LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Albertson's, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to LTD benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1  The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

2  8. Defendants can be found in this judicial district and the Defendant LTD Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF**

**AGAINST LIFE INSURANCE COMPANY OF NORTH AMERICA AND ALBERTSON'S, INC. EMPLOYEES' DISABILITY BENEFITS PLAN**

**FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND**

**ATTORNEYS' FEES AND COSTS**

**(29 U.S.C. § 1132(a)(1)(B))**

9. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

10. At all times relevant, Plaintiff was employed by SuperValu Inc., formerly Albertson's, Inc., and was a covered participant under the terms and conditions of the LTD Plan.

11. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

12. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to former claims administrator VPA, Inc. for LTD benefits under the LTD Plan. Plaintiff's claim was approved by VPA, Inc. and Plaintiff received LTD benefits from March 6, 2001 onward. In or around July 2010, CIGNA assumed responsibility for the underwriting and administration of Plaintiff's claim. On September 27, 2012, Plaintiff's claim for LTD benefits was denied by new claims administrator CIGNA stating that there was insufficient documentation to support a degree of

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

functional deficits that would prevent Plaintiff from returning to the work force in a sedentary occupation. On December 18, 2012, Plaintiff appealed this determination. Despite overwhelming evidence of a covered LTD claim, on April 10, 2013, CIGNA erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits. Plaintiff's prior counsel submitted an optional second level appeal to CIGNA on April 8, 2014. Plaintiff's second appeal was timely as CIGNA had granted an extension of time to respond to April 11, 2014. CIGNA never responded to the second level appeal.

13. Defendants CIGNA and the LTD Plan breached the Plan and violated ERISA in the following respects:

(a) They failed to pay LTD benefit payments to Plaintiff at a time when CIGNA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and CIGNA had such knowledge, CIGNA denied Plaintiff's LTD benefits;

(b) They failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the effective denial of Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was effectively denied, CIGNA failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

(d) They concealed and withheld from Plaintiff the notice requirements CIGNA and the LTD Plan were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations § 2560.503-1(f)-(g), inclusive; and

(e) They failed to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

14. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is

1  presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

15. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

16. As a proximate result of the aforementioned wrongful conduct of the LTD Plan and CIGNA, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

17. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

18. The wrongful conduct of the LTD Plan and CIGNA has created uncertainty where none should exist, therefore Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 9, 2015              KANTOR & KANTOR, LLP

By  /s/ Alan E. Kassan
    Alan E. Kassan
    Mitchell O. Hefter
    Attorneys for Plaintiff
    VIRGINIA CANAVERO